**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4093**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

GEORGE ANTONIO NEWMAN,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.   (3:14-cr-00050-2)

Submitted:  August 6, 2015          Decided:  August 24, 2015

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Natalie Atkinson, ATKINSON & POLAK, PLLC, Charleston, West Virginia, for Appellant. Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Antonio Newman appeals from his conviction for possession with intent to distribute cocaine and his resulting 51-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Newman's sentence was substantively reasonable and whether the district court erred in denying a minor role adjustment.* Neither Newman nor the Government has filed a brief. After a careful consideration of the entire record, we affirm.

Newman first contends that the district court's drug quantity calculations resulted in a substantively unreasonable sentence. Specifically, Newman avers that certain cocaine quantities were treated as powder cocaine for purposes of sentencing his co-defendants but were treated as crack cocaine at his sentencing. However, as counsel notes, while the district court applied different calculations at the sentencings, any error in Newman's case was harmless and did not result in a substantively unreasonable sentence. See United

---

* Counsel also questions whether Newman's appellate waiver was knowing and voluntary. However, since the Government does not rely on the waiver on appeal, we decline to address this issue.

States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014) (holding that a review for substantive reasonableness must be based on the totality of the circumstances).

Newman next contends that the district court erred in failing to grant him a downward adjustment for his minor role in the offense. He claims that he was directly responsible for a significantly smaller drug weight than his co-defendants and that they were more involved in the joint criminal activity than he was. The district court denied Newman's request for a downward adjustment, reasoning that, while Newman was less culpable than certain other co-defendants, he was still heavily involved in the criminal activity. Specifically, Newman continued his criminal activity even after being alerted to law enforcement involvement; he engaged in drug transactions involving substantial drug weight; and he used his properties for drug storage and for dealing.

"The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing." United States v. Powell, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted). A district court's determination that a defendant has not demonstrated his entitlement to a mitigating role adjustment is a factual finding reviewed for clear error. Id. at 359. A defendant who is only a "minor participant" in

criminal activity may have his offense level reduced by two levels. U.S. Sentencing Guidelines Manual § 3B1.2(b) (2013). A minor role adjustment is appropriate when the defendant "is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2 cmt. n.5. "The critical inquiry in determining whether a defendant is entitled to an adjustment for his role in the offense is not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Dawson, 587 F.3d 640, 646 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that Newman rendered services "material" and "essential" to the drug conspiracy. Furthermore, he persisted in his involvement even after being alerted to a police investigation, and in his plea stipulations, he admitted the foreseeability of drug transactions for which he was not directly responsible. The presentence report also describes other co-defendants involved with the organization who were less culpable than Newman. Accordingly, the district court did not clearly err in denying the adjustment.

We have examined the entire record in this case pursuant to Anders and have found no meritorious issues for review. Accordingly, we affirm Newman's conviction and sentence. This court requires that counsel inform Newman, in writing, of the

4

right to petition the Supreme Court of the United States for further review.  If Newman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Newman.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED